IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01506-MSK-BNB[1]

KUWAIT FINANCIAL CENTRE S.A.K. a/k/a Markaz,

    Plaintiff,

v.

STONE PINE INVESTMENT BANKING, LLC; and
PAUL BAGLEY,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss or for Summary Judgment **(# 17)**, the Plaintiff's response **(# 23)**, and the Defendants' reply **(# 28)**.

**FACTS**

According to the Complaint **(# 1)**, the Plaintiff is a Kuwaiti corporation engaged in the business of asset management. In early 2000, an entity named Hamilton Lane advised the Plaintiff of an investment opportunity in a corporation called European e-Commerce Limited ("EEC"). Hamilton Lane advised Defendant Stone Pine Investment Banking LLC ("Stone Pine") of the Plaintiff's interest in the investment, and Defendant Bagley, the founder of Stone Pine, wrote to

---

[1]Please note that the case number of this action has changed as a result of the August 8, 2007 Order **(# 41)** reassigning the case to the undersigned. The case number above shall be used on all further filings in this action.

1

the Plaintiff further explaining the EEC investment opportunity. The letter advised the Plaintiff that, if it wished to invest, it should send its investment funds to Stone Pine's agent, Donald Jackson, in Denver, Colorado.

In February 2000, Stone Pine prepared an "Investment Memorandum," further touting the EEC opportunity and explaining various benefits of the investment. Swayed by the representations in the Investment Memorandum and subsequent documentation, the Plaintiff invested $ 800,000 in EEC. However, the Plaintiff subsequently learned that many of the representations made by Stone Pine and Defendant Bagley as to EEC's business plan were false. EEC eventually declared bankruptcy, and the Plaintiff's entire investment was lost.

The Plaintiff commenced this action alleging four causes of action: (i) fraudulent misrepresentation; (ii) negligent misrepresentation; (iii) violation of the Colorado Securities Act, C.R.S. § 11-51-501, -604; and (iv) civil conspiracy.[2]

The Defendants filed a Motion to Dismiss or for Summary Judgment[3] (# 17), arguing: (i) that the Court lacks subject-matter jurisdiction over the dispute because the transaction at issue was "extraterritorial" and not governed by the Colorado Securities Act; (ii) that, if sufficient jurisdiction exists, the Court "should nonetheless decline to exercise jurisdiction because to do so

---

[2] As to the three common-law claims, the Complaint does not purport to identify what jurisdiction's common law governs the claims.

[3] This Court strongly discourages motions that seek dismissal under Fed. R. Civ. P. 12(b) or summary judgment under Fed. R. Civ. P. 56 as alternatives. From an analytical perspective, the two types of motions operate very differently, both in the standards that the Court applies and the information that the Court considers in making its determination. A hybrid motion that seeks either type of relief as an alternative to the other often reflects that the movant has failed to appreciate the distinctions between the two motions and has failed to engage in a the correct analysis under either rule.

is unreasonable,"citing Restatement (Third), Foreign Relations Law, § 403; and (iii) that the Court should dismiss the matter under the *forum non conveniens* doctrine, in favor of the dispute being decided in England.[4]

In response **(# 23)**, the Plaintiff argues that: (i) it did not contractually agree to jurisdiction in England or English choice-of-law; (ii) that the Court has adequate subject-matter jurisdiction over the action pursuant to 28 U.S.C. § 1332; (iii) that the Colorado Securities Act applies because the offer to invest was made from Colorado; (iv) that consideration of international choice-of-law issues is inappropriate, as there is no alleged conflict between this and any other nation's laws as they relate to the issues here; and (v) that this Court presents a convenient forum for the litigation.  In reply **(# 28)**, the Defendants argue that: (i) the Plaintiff is bound by waivers in proposed contractual agreements, even though no signed copies of those agreements exist; (ii) the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because the Plaintiff's claims would not be cognizable in Colorado's state courts; (iii) that the Colorado Securities Act does not apply because no offer to sell securities was made from Colorado; and (iv) that discovery responses show that the bulk of the relevant evidence is located in England.

## ANALYSIS

### A.  Standard of review

For reasons discussed more fully herein, the Court concludes that this motion is properly analyzed as one pursuant to Fed. R. Civ. P. 12(b)(6).  In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and

---

[4]In the factual recitation, the Defendants also contend that the Plaintiff has contractually waived any right to assert the claims at issue here, but the Defendants do not urge a finding of waiver in their argument.

view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

### B. Subject-matter jurisdiction

The Defendants' first argument is that the Court lacks subject-matter jurisdiction over this case. Having carefully parsed the Defendants' arguments on this point, the Court finds that the Defendants do not strictly challenge the existence of the Court's subject-matter jurisdiction – indisputably, this case meets the requirements for diversity jurisdiction under 28 U.S.C. § 1332 – but rather, the Defendants' argument is that the Plaintiff fails to state a claim for relief under the Colorado Securities Act. According to the Defendants, if the Colorado Securities Act does not

apply to the conduct at issue here, the Plaintiff has not asserted any claim cognizable in the United States.[5]

The Colorado Securities Act's provisions apply "when an offer to sell is made in [Colorado]." C.R.S. § 11-51-102(1). An offer to sell securities occurs in Colorado, "whether or not either party is then present in [Colorado], when the offer originates from [Colorado]." C.R.S. § 11-51-102(3). Paragraph 11 of the Complaint alleges that Defendant Bagley, an officer of Stone Pine, sent a letter to the Plaintiff "soliciting an investment." Paragraph 13 of the Complaint alleges that Defendant Bagley issued an "Investment Memorandum" further promoting the investment opportunity. Taken in the light most favorable to the Plaintiff, these assertions are sufficient to allege that the offer to sell EEC securities originated from Stone Pine's office in Colorado.[6] This, in turn, is sufficient to allege a claim under the Colorado Securities Act.

---

[5] The argument – that the Plaintiff's "entire jurisdictional premise rests on its assertion that it may bring a claim under the Colorado Securities Act" – ignores the fact that the Plaintiff has asserted three common-law tort claims against the Defendants, all of which are clearly cognizable in Colorado on the appropriate facts. Curiously, the Defendants' motion does not contend that the Complaint's allegations as to these claims are insufficient.

[6] The Defendants argue in their reply brief that the investment offer was "from EEC," that the Plaintiff "has not alleged that an offer to sell . . . shares in EEC originated in Colorado," and that "any offer necessarily originated in England." In support of these assertions, the Defendants point to Exhibit C to their reply brief. That exhibit is a March 1, 2000 memo on Stone Pine letterhead, listing Stone Pine's Denver, Colorado address, and is from an individual named Douglas Baird, listing Baird's telephone and fax numbers in a Colorado area code. The memo advises the Plaintiff that an escrow account for the EEC deal has been established in England, and goes on to state that Baird will send subscription documentation concerning the deal to the Plaintiff at a later time. How the Defendants interpret this memo to have originated in England rather than Colorado is a bit of a mystery. In any event, as recited above, the Defendants are incorrect when they contend that the Plaintiff "has not alleged" that the offer to sell EEC shares originated from Colorado.

5

Whether the Plaintiff can ultimately prove that the offer did indeed originate from Colorado is a matter that will await further factual development.

Because the Plaintiff has adequately alleged a claim under the Colorado Securities Act, the Defendants' arguments that this Court somehow lacks subject-matter jurisdiction are without merit. Moreover, the Defendants' arguments that international choice-of-law issues are somehow implicated are equally meritless. The issue presented in this case is whether the Defendants' conduct is prohibited by the Colorado Securities Act (as well as the common law of whatever jurisdiction allegedly governs the common-law claims). To the extent it is, appropriate relief may be obtained; to the extent it is not, the Plaintiff's claims will be denied. Whether the Plaintiff has some other means of recourse under some other jurisdiction's laws for the same conduct is a question that is not before the Court.

### C. Contractual waiver

The Defendants argue that the Plaintiff should be bound by waivers contained in two separate contracts relating to the transaction. Admittedly, the Defendants cannot currently establish that any agent of the Plaintiff ever signed either contract, and the Defendants concede that "discovery . . . may be necessary to resolve the issue." The Court finds it inappropriate to address the merits of the issue at this stage of the litigation. Waiver is an affirmative defense upon which the Defendants bear the burden of proof. As such, it is inappropriate for resolution on a motion made pursuant to Fed. R. Civ. P. 12(b). Although the Defendants seek summary judgment as alternative relief, they concede that additional factual development of the issue may be necessary. Accordingly, the Court will defer any consideration of arguments relating to the

existence or effect of the contracts until the Defendants can present a properly formatted[7] and supported motion for summary judgment on the issue.

### D. *Forum non conveniens*

Finally, the Defendants seek dismissal of this case on *forum non conveniens* grounds, alleging that the only convenient forum for this action lies outside the United States. As a threshold matter, a party seeking dismissal on *forum non conveniens* grounds must show: (i) that there is an adequate alternative forum in which the defendant is amenable to process; and (ii) that foreign law applies to the case. *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 426 (10th Cir. 2006); *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 601, 605-06 (10th Cir. 1998). If the movant makes such a showing, the Court goes on to analyze several factors bearing on public and private interests in conducting the litigation in an alternative forum, such as the locus of the evidence, the local interests in resolving the controversy, and so on. *Id.*

The Court need not engage in an extended analysis on this issue because the Defendants have not made the threshold showing that there is an alternative forum with jurisdiction to hear the particularly Colorado-based claims in this action. Although this case presents involves a complex, multi-national investment, the particular claims asserted relate only to a small, purely domestic aspect of that investment. Despite the Defendants' expansive view of the dispute, the Complaint simply alleges fraudulent representations by the Defendants, made from Colorado, intended to induce the Plaintiff to embark upon an investment. The Defendants contend that much of the proof to be adduced may be found in England, but that argument leaps over the predicate that the Defendants must first show that England would have jurisdiction over this

---

[7]See MSK Practice Standards (Civil), § V.H.3.

matter and that English law arguably applies. Given the narrow focus of the claims in the Complaint, the Defendants cannot make such a showing. The Defendants do not contend that the alleged misrepresentations were directed to England, nor that the Plaintiff received or relied upon them in England. The mere fact that the alleged misrepresentations were intended to secure the Plaintiff's investment in an English corporation does not warrant the exercise of jurisdiction by English courts over the alleged misrepresentations made by the Defendants in Colorado and received by the Plaintiff in Kuwait. Accordingly, the Defendants have failed to show that the *forum non conveniens* doctrine warrants dismissal here.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss **(# 17)** is **DENIED**.

Dated this 19th day of September, 2007

                                          **BY THE COURT:**

                                          */s/ Marcia S. Krieger*

                                          Marcia S. Krieger
                                          United States District Judge